

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

(EASTERN DIVISION)

**Dipesh Singla,**

Plaintiff,

v.

**UNIVERSITY OF CHICAGO, et al.,**

Defendants.

**MOTION TO SEAL PLAINTIFF'S IDENTITY AND CONFIDENTIAL INFORMATION**

Plaintiff, proceeding under the pseudonym **John Doe**, respectfully moves this Honorable Court for an order **sealing or restricting public access to Plaintiff's identity and certain confidential records and information filed or to be filed in this matter.** This motion is made to protect Plaintiff's fundamental rights to privacy, security, and fair judicial process. So NOW COMES Plaintiff, proceeding under the pseudonym "John Doe," through undersigned counsel, and respectfully moves this Court pursuant to LR 5.7 and LR 26.2 for an order:

**GROUNDS FOR THIS MOTION**

1. **Allowing Plaintiff to proceed under a pseudonym** in all public filings and orders to protect privacy given the sensitive nature of this case.

2. **Sealing or restricting public access** to documents containing Plaintiff's personal identity, medical records, caste, religion, sexual orientation, and details of alleged sexual assault and harassment.

3. **Directing the Clerk to accept Plaintiff's complaint and accompanying papers provisionally under seal**, and to treat the file as restricted under LR 26.2 for at least seven days, with the understanding that absent further order, it becomes public thereafter under LR 5.7(a)(3).

**25-CV-08098**

4. **Ordering that docket entries regarding sealed documents show only that a sealed document was filed without indicating its nature**, under LR 26.2(f).

5. **Directing that Defendants and their counsel maintain confidentiality** and not disclose Plaintiff's identity or other sensitive information beyond those directly involved in this litigation.

6. **Sensitive and Highly Personal Information:** This case involves deeply personal matters, including but not limited to Plaintiff's **national origin, religion and beliefs, caste, medical records and conditions, sexual identity and orientation, and allegations of mental, physical, and sexual assault and harassment.**

7. **Risk of Further Harm, Retaliation, and Stigmatization:** Public disclosure of such sensitive information may expose Plaintiff to harassment, discrimination, or social stigma. Plaintiff reasonably fears severe consequences, including reputational harm, retaliation, or misuse of this information especially given the nature of the allegations.

8. **Presence of Non-U.S. Defendants or Individuals:** Some individuals or entities potentially involved may reside outside the United States, raising concerns about international dissemination of sensitive documents. This could lead to broad unauthorized disclosure, including publication on the internet, beyond the jurisdictional reach of this Court.

9. **Protection of Privacy Interests Recognized by Law:** Courts routinely protect highly sensitive matters by allowing pseudonyms and sealing identifying documents to safeguard parties in cases involving sexual assault, private medical issues, and matters implicating personal security.

10. **No Prejudice to Defendants:** Sealing Plaintiff's identity and restricting access to certain sensitive documents does not prejudice Defendants' ability to defend this case. Defendants will continue to have full access to materials under protective order or reasonable confidentiality agreements.

**Statement under LR 5.7(a)(2)**: Due to abovesaid nature of the complex case and special circumstances plaintiff wanted to request that it is necessary to restrict access to the case at filing; **plaintiff here submits full version of complaint redacted around 400 pages with red color mention of redacted data for public and request to allow and order plaintiff to submit the full version of complaint under the seal.** (…a statement indicating that the party believes that due to special circumstance which the party will promptly bring to the attention

of the judge to whom the case is to be assigned, it is necessary to restrict access to the case at filing;), The redacted version of the complaint can go online for public records without name of plaintiff (Requested).

**Statement under LR 5.7(a)(3)**: Plaintiff acknowledges that absent an order extending or setting aside the sealing, these filings will become public on the seventh day following the date of filing.

**Statement under LR 5.7(a)(4)**: dipeshsingla668@gmail.com

**REQUESTED RELIEF**

Plaintiff respectfully requests that this Court:

1. Allow Plaintiff to proceed under the pseudonym "John Doe" in all public filings and orders, and to file Plaintiff's full name and identifying information under seal.

2. Order that all documents containing Plaintiff's national origin, religion, caste details, medical records and history, sexual identity or assault allegations, or any other uniquely identifying or sensitive personal details be sealed or redacted from the public record.

3. Direct that Defendants, their agents, attorneys, and all parties to this litigation refrain from disclosing Plaintiff's personal identity or these sensitive details to anyone not directly involved in this case, and expressly prohibit sharing such information in public forums, online, or with third parties.

4. Grant such other relief as the Court deems just and proper to protect Plaintiff's privacy, security, and fair access to justice.

Plaintiff makes this motion in good faith to safeguard fundamental privacy and dignity interests, and to prevent unnecessary public exposure of matters that could irreparably harm Plaintiff.

**Respectfully submitted,**

Name: Dipesh Singla

Address: 5118 S Blackstone Ave (Old USA Address)

Email: dipeshsingla668@gmail.com



**WHEREFORE**, Plaintiff respectfully requests that this Court grant this motion and such other relief as it deems just and proper.