**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Dipesh Singla**,
Plaintiff,

v.

**The University of Chicago et al.**,
Defendant.

FILED
8/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. 1:25-cv-08098

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL/ADDITIONAL COMPLAINT AND, IF APPROPRIATE, TO JOIN ADDITIONAL DEFENDANT**

Plaintiff, **Dipesh Singla**, respectfully moves this Court for leave to file a Supplemental Complaint pursuant to **Fed. R. Civ. P. 15(d)**, and, if supported by the facts, to join an additional defendant pursuant to **Fed. R. Civ. P. 20**, and in support states as follows:

1. Plaintiff filed the original Complaint in this action on or about 16th July 2025, alleging, among other things, that Defendant University of Chicago unlawfully placed a disciplinary notation ("disciplinary blot") on Plaintiff's academic transcript and disseminated that transcript to third parties, causing reputational and professional harm.

2. Defendant transmitted Plaintiff's altered transcript to **Harvard Law School** ("HLS") in connection with Plaintiff's application for admission to HLS's J.D. program.

3. On 21 May 2025, Plaintiff was denied admission to HLS. Plaintiff believes, based on the timing, circumstances, and the content of the altered transcript, that the denial was materially influenced by Defendant's transmission of the disputed disciplinary notation.

4. The denial of admission to HLS constitutes consequential damage directly flowing from the conduct challenged in this case, including but not limited to lost educational and career opportunities, emotional distress, and reputational damage.

5. Under **Fed. R. Civ. P. 15(d)**, this Court may permit a supplemental pleading to set out events that occurred after the date of the original pleading. These new facts reporting occurring by plaintiff post-filing are part of the same nucleus of operative facts as the existing claims and further demonstrate the ongoing harm caused by Defendant's actions.

6. If evidence shows that Harvard acted on the transcript with knowledge that it was false or disputed, and that such knowledge was a substantial factor in Plaintiff's denial, Plaintiff may also seek to join Harvard as an additional defendant under **Fed. R. Civ. P. 20** (permissive joinder) or otherwise pursue such claims in a separate action subject to consolidation.

7. These new facts potentially give rise to additional claims, including:
a. **Defamation** – by publishing false and damaging information to Harvard that harmed Plaintiff's reputation; and
b. **Tortious Interference with Prospective Economic Advantage** – by wrongfully interfering with Plaintiff's opportunity for admission to HLS.

8. Allowing supplementation here will promote judicial economy by enabling all related claims and damages to be resolved in a single proceeding, rather than forcing Plaintiff to initiate a separate lawsuit now.

9. Supplementation will also help preserve Plaintiff's ability to assert related claims against other responsible parties and may toll applicable statutes of limitation under equitable tolling and relation-back doctrines, as these claims are tied to the same set of operative facts already before this Court.

10. Plaintiff also request hon'ble court to guide if plaintiff need to file this urgently in District of Massachusetts Hon'ble court or alternate relevant hon'ble court (s) if in case this motion would not be passed to avoid any statue issue there, since this matter arose out of case with Uchicago plaintiff wanted to request guidance and options/order from hon'ble court what to do in this case if in case that case can't be added here even if arose out of same nucleus.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the attached Supplemental Complaint, allow for joinder of additional defendants if warranted by the evidence, and grant such other relief as the Court deems just and proper.

Dipesh Singla

7 Aug 2025

dipeshsingla668@gmail.com

**Case No.** 1:25-cv-08098