



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) | **Case Number**: |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) | **Judge**: |
| v. | ) |  |
|  | ) | **Magistrate Judge**: |
|  | ) |  |
| Defendant | ) |  |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## I. INTRODUCTION

1. This action is brought by Plaintiff, Dipesh Singla, *pro se*, against his former employer, The University of Chicago, and its affiliates (collectively, "Defendants") for unlawful retaliation, wrongful termination, and many other things, after he reported dangerous chemical mismanagement practices that pose an ongoing threat to public safety.

2. The Plaintiff sought recourse through the **federal Occupational Safety and Health Administration (OSHA)** and its **Directorate of Whistleblower Protection Programs (DWPP)**. However, as detailed herein, the DWPP issued a perfunctory dismissal of his whistleblower complaint without applying legal doctrines like **equitable tolling,** thereby failing to provide any meaningful investigation.

3. This dismissal by the Department of Labor (DOL) agencies demonstrates a pattern of inaction that effectively shields the Defendants from accountability. **The Plaintiff expressly reserves the right to name the Secretary of Labor (SOL), the DWPP, and the DOL as defendants in this or a separate future action for their failure to perform their statutory duties.**

4. The Plaintiff now seeks relief from this Honourable Court. He fears that without court oversight, any further investigations whether internal or external will be conducted in bad faith and will result in further retaliation. The Plaintiff seeks this Court's intervention to ensure a fair process and to halt the ongoing endangerment of the community.

## II. FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant The University of Chicago in a role that made him aware of significant chemical mismanagement hazards.

6. Plaintiff reported these safety concerns through appropriate channels. In retaliation for this protected whistleblowing activity, Defendants subjected Plaintiff to an series of adverse actions constituted poaching, culminating in his termination on or about March 27/28 2025.

7. On or about May 19, 2025, Plaintiff filed a whistleblower complaint with OSHA/DWPP, invoking federal protections. (A copy of the subsequent dismissal letter dated September 16, 2025, is attached below).

8. The DWPP dismissed the complaint as untimely with the boilerplate statement that "circumstances do not warrant equitable tolling," providing no factual or legal analysis. This refusal to apply equitable principles has left the Plaintiff without an administrative remedy.

9. **The dangerous chemical and gas mismanagement that Plaintiff reported is, to his knowledge, ongoing and continues to threaten the health and safety of students, staff, faculty, and the surrounding community.**

## III. LEGAL CLAIMS FOR RELIEF (Against University Defendants)

### A. Retaliatory Discharge in Violation of Public Policy

10. Plaintiff's reporting of chemical hazards was a direct fulfilment of a clear public policy favouring workplace and public safety.

11. Defendants terminated Plaintiff substantially in retaliation for this reporting.

12. This termination is wrongful and violates the public policy of the State of Illinois.

### B. Whistleblower Retaliation

13. Plaintiff's actions constitute protected activity under common law and relevant statutes.

14. Defendants engaged in a campaign of retaliation against Plaintiff for this protected activity, culminating in his termination.

## IV. NEED FOR JUDICIAL OVERSIGHT AND FEAR OF FURTHER RETALIATION

15. The dismissal by the DWPP confirms that the Defendants cannot be held accountable through standard administrative channels. The federal agency has effectively "**prohibited**" a meaningful investigation.

16. **The Plaintiff has a reasonable and well-founded fear that US governmental agencies will continue to retaliate against him in any subsequent proceedings, including internal investigations or other external reviews, if not supervised by this Court.** The Defendants have shown a propensity to use procedural rules to their advantage while ignoring substantive dangers.

17. The Plaintiff seeks this Court's protection and oversight to ensure that any further investigation into the underlying chemical hazards is conducted fairly, without bias, and free from further retaliation against the Plaintiff.

18. With today's document package and overall experiences reaching out to agencies for help and investigations it is almost certainly evident to plaintiff that **most** of the **governmental agencies shield defendants and powerful institutions from any investigation in bad faith, one rule or the other comes up to protect the laws violaters and/or federal criminals etc to be accountable for their actions.**

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dipesh Singla respectfully requests that this Court enter judgment in his favor and against the Defendants, as follows:

a) Award compensatory and punitive damages for wrongful termination and retaliation;
b) Issue a **Permanent Injunction** compelling Defendants to cease the dangerous chemical mismanagement practices identified by the Plaintiff;
c) Order that any future investigation into these matters be subject to this Court's supervision to ensure fairness and prevent further retaliation against the Plaintiff;
d) **Expressly reserve Plaintiff's right to file a separate action against the USA, State of Illinois, Secretary of Labor, the Directorate of Whistleblower Protection Programs, and**

**the Department of Labor etc for their failure to investigate and their abuse of discretion in dismissing his whistleblower complaint;**

e) Award Plaintiff the costs of this action, including attorney's fees (if represented), and any other relief the Court deems just and proper.

Respectfully submitted,

22/09/2025

**Dipesh Singla, Pro Se**
5118 S. Blackstone Ave.
Chicago, IL 60615
Dipeshsingla668@gmail.com
+17734571046

-----

**Of course coincidence**

> Final Response FOIA 2025-F-1
>
> Office of Administra... 📎 Tue 16 Sept, 17:54 (6
> to me ▾
>
> Re: FOIA ~~[redacted]~~
> Please see attached response to this FOIA request

Closing Letter - The Universit Chicago/Singla/301054321 

**RFR** Tue 16 Sept, 19:31
to me

Attached, please find the closing letter for tl

The Respondent Closing Letter was mailed

The University of Chicago
5801 South Ellis Avenue
Chicago, IL 60637

Sincerely,

Directorate of Whistleblower Protection Pro
Occupational Safety and Health Administra

U.S. Department of Labor   Occupational Safety and Health Administration
Washington, D.C. 20210



September 16, 2025

Dipesh Singla
5118 S. Blackstone Ave.
Chicago, IL 60615
Dipeshsingla668@gmail.com

Re: The University of Chicago/Singla/301054321

Dear Dipesh Singla:

This letter is in response to your July 3, 2025, request for review (RFR) of the decision to dismiss your complaint against University of Chicago. The Directorate of Whistleblower Protection Programs completed a review of the investigative case file and determined that your complaint was properly dismissed as untimely.

Complaints brought under Section 11(c) of the Occupational Safety and Health Act of 1970 must be filed within 30 days of an alleged adverse action. You filed your complaint on May 19, 2025, which was 130 days after the alleged adverse employment action. The circumstances of the case do not warrant equitable tolling. Consequently, your complaint was untimely.

Please note that this is the final decision of the Secretary of Labor; your case is now closed

Sincerely,

Stacy McGuire

Stacy McGuire, Acting Director
Directorate of Whistleblower Protection Programs

cc:     Regional Office
        Respondent