[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**BC**

FILED
9/22/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ) | |
| ) | **Case Number**: |
| ) | |
| Plaintiff ) | **Judge:** |
| ) | |
| v. ) | |
| ) | **Magistrate Judge:** |
| ) | |
| Defendant ) | |

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**PLAINTIFF'S MOTION TO COMPEL INVESTIGATION INTO DEPARTMENT OF EDUCATION, MATTER**

## I. INTRODUCTION

1. This action is brought by Plaintiff, Dipesh Singla, *pro se*, against the Defendants, the Secretary of Education and the Assistant Secretary for Civil Rights, to challenge the bad-faith dismissal of his civil rights complaint by the Office for Civil Rights (OCR). This case exemplifies a deliberate agency strategy to create a "small passage to trap" complainants and avoid investigating powerful institutions.

2. The Plaintiff filed his OCR complaint on May 17, 2025, well within jurisdictional timelines. The OCR then lured the Plaintiff into providing a full disclosure of his other legal actions, only to use that information against him as a pretext for dismissal. On July 31, 2025, OCR dismissed the complaint solely because the Plaintiff had also filed a lawsuit in this Court (Case No. 25-cv-8098), citing a procedural rule (CPM § 108(i)) while ignoring its duty to investigate.

3. As the agency with one of the "**strongest jurisdictions**" over the core allegations, OCR's dismissal is a glaring example of how investigative agencies treat and discriminate against grievance filers. They first redirect them to other agencies, and when the complainant navigates that labyrinth, they use the mere existence of those efforts as a reason to do nothing. This is a systemic pattern of shielding powerful defendants in bad faith.

4. The Plaintiff seeks a court order to force OCR to perform its non-discretionary duty to investigate, and further demands accountability for this abusive pattern of conduct.

## II. FACTUAL BACKGROUND

5. On May 17, 2025, Plaintiff filed a comprehensive civil rights complaint with the DOE's OCR against the University of Chicago (OCR Case Number 05-25-2445). (A copy of the dismissal letter dated July 31, 2025, is attached as **Attached below**).

6. On July 23, 2025, OCR Attorney Stephen Worthington specifically requested a list of all other courts or agencies where the Plaintiff had filed his allegations. In good faith, the Plaintiff provided a detailed response, including the fact that he had filed a lawsuit in this Honorable Court. (A copy of the email chain is attached as **Attached below**).

7. Instead of using this information to coordinate with other entities or to focus its investigation on its unique jurisdictional authority, OCR used it as the sole basis for dismissal. The July 31, 2025, dismissal letter states: "OCR may dismiss an allegation if the same or similar allegation… has been filed… with state or federal court." (**Attached below**). The letter offers no analysis of whether the court can provide complete relief for the civil rights violations OCR is mandated to enforce.

8. This action demonstrates that the request for information was not for processing the complaint "appropriately," but was a trap designed to secure a pretext for dismissal.

9.  Due to such rules accountability of billions of dollars taxpayers money federally funded institutions like defendants can't be held liable for their actions.

10. Plaintiff believes hon'ble court is not going to do investigation because of jurisdiction for giving justice to all. Further case was important to be filed to come under right timeline for all alleged laws including non educational laws and rules alleged, DOE used the same matter of fact for dismissal and their own rules comes into way of justice for this complex matter. Hon'ble court can't do investigation, because of their own rules DOE can't do it too. **WHAT A WIN-WIN condition for university and defendants, isn't it?**

11. Furthermore, if we look at investigations in the past for the same university we find nothing substantial signally many rule that themselves obstruct justice and demoralize complaining against wrong.

## III. LEGAL CLAIMS FOR RELIEF

### A. Agency Action is Arbitrary, Capricious, and an Abuse of Discretion

9.  The Administrative Procedure Act (APA) requires agency action to be rational and not arbitrary. The OCR's dismissal fails this standard.

10. The Defendants' own *Case Processing Manual* states OCR "*may* dismiss" a complaint when allegations are filed in court; it does not state it *must* dismiss. This is a discretionary act.

**11.** The decision to dismiss a complaint that falls squarely within the agency's primary jurisdiction, without any inquiry into the merits, and based solely on the existence of a parallel *pro se* lawsuit, **is an abuse of that discretion.** It is a pretextual avoidance of the agency's core mission**. The agency acts as a "follower of rules in its own favour," twisting its procedures to achieve inaction.**

### B. Failure to Perform a Ministerial Duty and Pattern of Institutional Shielding

12. The OCR has a statutory and regulatory duty to investigate civil rights complaints. By constructing a catch-22 where a complainant is directed to other forums and then punished for following those directions, the agency is **prohibiting any investigation** into serious allegations.

13. With the full record of interactions with OSHA, IDOL, OFCCP, and now OCR, it is indisputably evident that governmental agencies operate in a coordinated bad-faith pattern to shield powerful institutions from accountability. The Plaintiff is forced to run a gauntlet of agencies, each of which points to another, only to have the last and most relevant agency slam the door because he visited the others.

### C. Action for Declaratory Judgment and Injunctive Relief

14. A live controversy exists regarding the lawfulness of OCR's dismissal. The Plaintiff seeks a declaration that the dismissal was unlawful.

15. The Plaintiff has no adequate remedy at law. The court case may address damages, but it cannot replicate the systemic review and compliance actions that OCR is uniquely empowered to undertake. The public interest in enforcing civil rights laws in educational institutions demands that OCR be compelled to do its job.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dipesh Singla respectfully requests that this Court enter judgment in his favor and against the Defendants, as follows:

a) **Declare** that the OCR's dismissal of Case Number 05-25-2445 was arbitrary, capricious, an abuse of discretion, and executed in bad faith;
b) **Issue a Permanent Injunction** compelling the Defendants to vacate the dismissal and conduct a full, fair, and timely investigation into the Plaintiff's complaint;
c) **Order the Department of Education** to review and amend its policies, including CPM § 108(i), to prevent their use as a pretext for dismissing complaints against powerful institutions, and to implement mandatory training for staff on avoiding such bad-faith practices;
d) **Recommend appropriate disciplinary review** for the personnel involved in the deliberate misuse of the information request process to manufacture a grounds for dismissal;
e) Award Plaintiff the costs of this action and any other relief the Court deems just and proper.

Respectfully submitted,

23/09/2025

**Dipesh Singla, Pro Se**
5118 S. Blackstone Ave.
Chicago, IL 60615
Dipeshsingla668@gmail.com
+17734571046

Case: 1:25-cv-08098 Document #: 68 Filed: 09/22/25 Page 5 of 11 PageID #:989

 Gmail

**Dipesh Singla <dipeshsingla668@gmail.com>**

## Your OCR Complaint: Additional Information Requested
3 messages

---

**Worthington, Stephen** <Stephen.Worthington@ed.gov>                  23 July 2025 at 03:19
To: Dipesh Singla <dipeshsingla668@gmail.com>

Dear Mr. Singla:

I am an attorney with the U.S. Department of Education's Office for Civil Rights (OCR). I am contacting you about the civil rights complaint you filed against the University of Chicago on May 17, 2025.

The materials you've submitted with your complaint indicate that you may have filed your allegations with other agencies or in court. To help ensure that my office processes your complaint appropriately, please send me the following information:

1. A list of courts, agencies, or other entities where you have filed any of the allegations in your OCR complaint, with a brief description of the allegations that were filed with each entity.
2. Copies of all communications you've received from each entity regarding the allegations.

Please send me the requested information by the end of this week (July 25, 2025). If you anticipate having difficulty responding in that timeframe, please let me know as soon as possible.

Stephen Worthington

Attorney | Office for Civil Rights | U.S. Department of Education

stephen.worthington@ed.gov | (202) 219-2324

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                  23 July 2025 at 05:46
To: "Worthington, Stephen" <Stephen.Worthington@ed.gov>, Dipesh Singla <dipeshsingla668@gmail.com>

Hi
thanks for your email,
Matter is Filed in Hon'ble court of Northern District of Illinois. just a couple of days ago.
OSHA (due to statute not doing anything but plaintiff appealed that matter was of around November or december of last year and the limitation is small for reporting), Child rights (forgot agency name can check that going fwd), IWCC (hearing next month) **etc** (it's filed there for the job parts). Full version of the complaint was given to them. Due to limited resources the same complaint was shared asking the agencies to check there part of complaint they deal with. But as our DOEDU deal with most of this matter this is main agency for this matter for what I was waiting for. So please check full doc. some things are court and damages related in front and back I guess that maybe ignore to save time as they're more relevant to hon'ble court.

Criminal part of this with CPD (I think CPD BIA gave case number etc), FBI (not doing anything saying no hate crime so waiting for knowledgeable attorney to deal with it. Especially if the hon'ble court assigns one or I would be able to get legal aid somehow, note I don't have representation for **ANY** of this, and I am actively reaching out for it.)
So yes these are the major ones I guess I may need to check.
This was the first agency I think I filed due to the relevance of the matter and seeming authority to deal with this is with the CR division of Dept of Education.

Gmail - Your OCR Complaint: Additional Information Requested

Copy is attached herewith. (Not proofread or updated by attorney yet., things may change or improve to save time etc for agencies and courts as per future attorney guidance and strategy.)
Most allegations come under DOEdu jurisdiction so I'm looking forward to it, and it's filled timely also.

 Complaint Civil Right and Criminal Matter Draft V13.pdf

Respectfully,
Dipesh Singla

-
Long Live America.

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com>
To: Dipesh Singla <dipeshsingla668@gmail.com>

1 August 2025 at 04:42

[Quoted text hidden]



Dipesh Singla <dipeshsingla668@gmail.com>

---

## Outcome of Your OCR Complaint
11 messages

---

**Worthington, Stephen** <Stephen.Worthington@ed.gov>                    1 August 2025 at 04:07
To: "dipeshsingla668@gmail.com" <dipeshsingla668@gmail.com>

Dear Dipesh Singla:

Please find attached a letter explaining the outcome of your OCR complaint against the University of Chicago.


Stephen Worthington

Attorney | Office for Civil Rights | U.S. Department of Education

stephen.worthington@ed.gov | (202) 219-2324


 **C-DIS-U_Chi_.pdf**
191K

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                            1 August 2025 at 04:41
To: "Worthington, Stephen" <Stephen.Worthington@ed.gov>, Dipesh Singla <dipeshsingla668@gmail.com>

Hello Stephen,
How can we appeal this?
Best.
[Quoted text hidden]

---

**Worthington, Stephen** <Stephen.Worthington@ed.gov>                    1 August 2025 at 04:49
To: Dipesh Singla <dipeshsingla668@gmail.com>

OCR's determinations are not appealable. As explained in the letter, however, you may have the right to refile your allegations within 60 days after the court proceedings have terminated if there has been no decision on the merits or settlement of the allegations. Please note that OCR may also dismiss your complaint if your allegations are pending with another governmental agency. You can read more about OCR's standards and procedures in our *Case Processing Manual*.

---

**From:** Dipesh Singla <dipeshsingla668@gmail.com>
**Sent:** Thursday, July 31, 2025 5:12 PM
**To:** Worthington, Stephen <Stephen.Worthington@ed.gov>; Dipesh Singla <dipeshsingla668@gmail.com>
**Subject:** Re: Outcome of Your OCR Complaint

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                              1 August 2025 at 13:12
To: "Worthington, Stephen" <Stephen.Worthington@ed.gov>

so 180 days statue is over in case refiled this case in ocr?

[Quoted text hidden]

---

**Worthington, Stephen** <Stephen.Worthington@ed.gov>                      1 August 2025 at 20:05
To: Dipesh Singla <dipeshsingla668@gmail.com>

Generally, OCR will only take action with respect to allegations that have been filed within 180 calendar days of the alleged discrimination or retaliation. OCR may grant a waiver of the 180-day filing requirement under certain circumstances, such as when the allegations were being processed by another agency or a court. Please see Sections 106 and 107 of the *Case Processing Manual* for more information.

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                              22 August 2025 at 21:27
To: "Gomez, Cecilia - OFCCP" <Gomez.Cecilia@dol.gov>

[Quoted text hidden]

📄 **C-DIS-U_Chi_.pdf**
191K

---

**Gomez, Cecilia - OFCCP** <Gomez.Cecilia@dol.gov>                         22 August 2025 at 21:28
To: Dipesh Singla <dipeshsingla668@gmail.com>

In accordance with public health guidelines, in response to the current COVID-19 pandemic, the Office of Federal Contract Compliance Programs (OFCCP) is implementing an agency-wide telework.  The U.S. Department of Labor and OFCCP remain open and available to serve you.  OFCCP will continue pursuing its important mission of ensuring equal employment opportunity while making adjustments to ensure all of its activities are consistent with current public health guidelines. I can be [reached by phone at 972-850-2592 and/or] [email at gomez.cecilia@dol.gov]. In addition, if you need assistance with any other OFCCP matters related to the health crisis, please contact our Help Desk at 1-800-397-6251. The hearing impaired may call the text telephone (TTY) at 1-877-889-5627 or submit an inquiry online.

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                              29 August 2025 at 21:51
To: "Gomez, Cecilia - OFCCP" <Gomez.Cecilia@dol.gov>

[Quoted text hidden]

📄 **C-DIS-U_Chi_.pdf**
191K

---

**Gomez, Cecilia - OFCCP** <Gomez.Cecilia@dol.gov>                         29 August 2025 at 21:51
To: Dipesh Singla <dipeshsingla668@gmail.com>

Gmail - Outcome of your OCR complaint

[Quoted text hidden]

---

**Dipesh Singla** <dipeshsingla668@gmail.com>                    29 August 2025 at 21:52
To: "Gomez, Cecilia - OFCCP" <Gomez.Cecilia@dol.gov>



> **W**    **Worthington, Stephen**                    Fri 1 Aug, 20:05    ☆
>           Generally, OCR will only take action with respect to allegations that have been filed within ...

> **Dipesh Singla** <dipeshsingla...  📎 Fri 22 Aug, 21:27 (7 days ago)  ☆  ☺  ↩  ⋮
> to Cecilia ▾
> •••

**One attachment** • Scanned by Gmail ⓘ                                        🗂+

📄 C-DIS-U_Chi_.pdf

[Quoted text hidden]

---

**Gomez, Cecilia - OFCCP** <Gomez.Cecilia@dol.gov>              29 August 2025 at 21:52
To: Dipesh Singla <dipeshsingla668@gmail.com>

[Quoted text hidden]



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS**

July 31, 2025

**Via e-mail only to:** dipeshsingla668@gmail.com

Dipesh Singla

Re:  University of Chicago (IL) – OCR Case Number 05-25-2445

Dear Dipesh Singla:

On May 17, 2025, the U.S. Department of Education, Office for Civil Rights (OCR), received the complaint you filed against the University of Chicago (the University).

OCR processes complaints in accordance with its Case Processing Manual (CPM) (February 19, 2025). Section 108(i) of OCR's CPM states that OCR may dismiss an allegation if the same or similar allegation based on the same operative facts has been filed either by the complainant or someone other than the complainant against the same recipient with state or federal court.

On July 22, 2025, you sent OCR an email stating that you also filed your allegations in the "court of Northern District of Illinois" a few days earlier. Publicly available information indicates that you filed suit against the University in the U.S. District Court for the Northern District of Illinois on July 16, 2025 under the case number 25-cv-8098. Based on this information, OCR has determined that you have filed the same or similar allegations based on the same operative facts as your OCR complaint against the University in federal court. OCR is therefore dismissing your complaint as of the date of this letter.

You may refile your complaint within 60 days following termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegations. A dismissal with prejudice is considered a decision on the merits.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public. Individuals who file complaints with OCR may have the right to file a private suit in court regardless of OCR's determination.

Please be advised that the University must not harass, coerce, intimidate, discriminate, or otherwise retaliate against an individual because that individual asserts a right or privilege under a law enforced by OCR or files a complaint, testifies, assists, or participates in a proceeding under a law enforced by OCR. If this happens, the individual may file a retaliation complaint with OCR.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. If OCR receives such a request, it will seek to protect,

to the extent provided by law, personally identifiable information, that, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

If you have any questions about this letter, you may contact Stephen Worthington by telephone at (202) 219-2324 or by e-mail at stephen.worthington@ed.gov.

Sincerely,

*Stephen Worthington*

*for*     Sandra J. Roesti
          Team Leader