

BC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Dipesh Singla,** Plaintiff,

v.

**University of Chicago, et, al.**

 Defendant.

**Case No.** 1:25-cv-08098
**Hon'ble Judge:** Edmond E. Chang

**PLAINTIFF'S MOTION FOR APPOINTMENT OF INDEPENDENT FORENSIC, TOXICOLOGICAL, AND PSYCHIATRIC EVALUATORS AND REQUEST FOR CONFIDENTIAL MEDICAL EXAMINATIONS**

Plaintiff, appearing **pro se** and residing overseas, respectfully moves this Honorable Court for an order under **Federal Rule of Civil Procedure 35(a)** and related authorities appointing neutral and independent medical and forensic experts to conduct physical and psychological examinations relevant to the claims in this case.

**I. Legal Authority**

1. Under **Fed. R. Civ. P. 35(a)**, when a party's physical or mental condition is in controversy, the Court may order a physical or mental examination by a suitably licensed or certified examiner upon a showing of good cause.

2. Under **Fed. R. Evid. 702 and 703**, the Court may rely on qualified experts to obtain reliable and scientifically valid evaluations.

3. The Court also possesses inherent authority under **Fed. R. Civ. P. 1 and 16** to manage proceedings efficiently and to secure the just, speedy, and inexpensive determination of every action.

4. Where delay would risk loss of evidence or deterioration of a plaintiff's medical condition, relief may also be grounded in **5 U.S.C. § 706(1)** and **the Court's equitable powers** to compel action necessary to prevent injustice.

5. **International and overseas considerations:** because Plaintiff currently resides outside the United States, coordination with medical professionals abroad may implicate **Federal Rules of Evidence 901–902** (authentication of foreign records) and, if necessary, the **Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (1970)** to ensure admissibility of any foreign-generated medical

documentation. Further despite of many trials plaintiff says truthfully that it was unable to find who can do such evaluation as of yet.

**II. Good Cause and Need for Independent Evaluations**

Plaintiff has alleged severe psychological distress, suicidal attempts, toxic exposure from some gas, and physical, and sexual assault relating to different parts of body, resulting from an assault connected to the events underlying this litigation. Plaintiff believes it's health is degrading each day. Despite diligent efforts, Plaintiff has been unable to locate qualified forensic evaluators overseas whose reports would be accepted by this Court. Plaintiff believes that without timely independent testing and analysis, critical evidence relating to both mental and physical health may be lost.

**To preserve such evidence, Plaintiff respectfully requests that the Court:**

1. Appoint or authorize independent, court-approved experts in **forensic psychiatry, toxicology, and general medical evaluation**, all independent of Defendant University of Chicago and its affiliates;

2. Direct that **each category of test be performed twice**, either (a) by two independent experts within Illinois or (b) one within Illinois and one outside Illinois, to ensure accuracy and legitimacy of results;

3. Order that the selected examiners **have no present or prior relationship with Defendant University of Chicago**, are **not on its referral panels**, and are recognized for impartial, ethical evaluations, especially for individual plaintiff's against institutions;

4. Authorize the Clerk or a neutral agency to assist with identifying suitable court-approved experts;

5. Allow Plaintiff to proceed under **pseudonym** and to keep **Plaintiff's and Defendant's identities confidential** from each evaluator, to avoid any potential bias or external influence. See **Fed. R. Civ. P. 26(c)** (protective orders to safeguard privacy).

6. Evaluators should have no knowledge of anyone plaintiff, defendant and preferably even the hon'ble court's name and location, since it may make it easy to backtrack using this motion, or case using profiling from other confidentiality motions filed in past. This should happen until all confidential reports are privately provided to plaintiff, and email to send the documents should be provided after completion of report making and generation of report.

7. Plaintiff respectfully requests that no party, agency, evaluator, or third person be granted access to any case-related data, materials, or background records until all examinations are completed and the resulting reports have been securely transmitted directly to Plaintiff only. This safeguard is sought to ensure that all medical, forensic, and psychiatric findings remain confidential and are not disclosed, reviewed, or stored by any other person or entity—public or private—prior to Plaintiff's own review. Upon

receipt, Plaintiff will determine what portions, if any, are to be filed with the Court in accordance with applicable protective orders and litigation strategy.

**III. Proposed Scope and Safeguards**

- Each evaluation shall be limited to determining the extent of Plaintiff's physical and psychological conditions relevant to the pleadings.
- Reports shall be filed under seal and shared only with the Plaintiff under a protective order.
- No evaluator shall communicate directly with Defendant or its agents.
- The cost of the examinations are requested to be waived, subject to later allocation under **Fed. R. Civ. P. 54(d)** if the Court deems appropriate.

**IV. Urgency and Request for Expedited Consideration**

Plaintiff respectfully asks that this motion be heard on an **expedited basis** pursuant to the Court's authority under **Fed. R. Civ. P. 1 and 16**, because ongoing deterioration of mental and physical health could cause loss of probative evidence. Prompt forensic, toxicological, and psychiatric examinations are necessary to preserve a truthful medical record.

**V. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant this Motion under **Fed. R. Civ. P. 35(a)**;
2. Appoint or authorize independent experts in forensic psychiatry, toxicology, and medical evaluation as described above;
3. Enter an appropriate **protective order** ensuring confidentiality of identities and reports; and
4. Set an expedited schedule for completion of examinations and submission of sealed reports.

Respectfully submitted,

Dipesh Singla

dipeshsingla668@gmail.com
Date: October 15, 2025

**PROPOSED ORDER (If ordered by Hon'ble Judge)**

IT IS ORDERED that Plaintiff's Motion for Appointment of Independent Forensic, Toxicological, and Psychiatric Evaluators is GRANTED. The Court shall designate or approve independent licensed experts as set forth in the Motion; all evaluations shall be conducted under seal, with confidentiality preserved under Fed. R. Civ. P. 26(c) to plaintiff only. The parties shall confer with the Clerk's Office within 30 days to coordinate logistics consistent with the Court's direction.

SO ORDERED.


Hon'ble Judge :

United States District Judge