**NOTICE TO COURT REGARDING PERSONNEL RECORD COMPLIANCE AND DOCUMENT INTEGRITY**

**Case:** *Dipesh Singla v. The University of Chicago, et al.*,

**Case No.** 1:25-cv-08098

**Hon'ble Court:** United States District Court for the Northern District of Illinois
**Filed by:** Plaintiff, *Dipesh Singla*

**Assigned Hon'ble Judge**: Respected Hon'ble Judge Edmond Chang.

**Subject:** Notice Regarding Personnel Record Compliance, Delay, and Potential Document Falsification

**TO THE HONORABLE COURT:**

Plaintiff respectfully submits this notice to inform the Court of material irregularities and statutory violations relating to the Defendant University's handling, disclosure, and potential alteration of the Plaintiff's personnel records, which are relevant to ongoing discovery and evidentiary integrity in this matter.

**1. Statutory Requirement for Timely Personnel Record Disclosure**

Under the **Illinois Personnel Record Review Act (820 ILCS 40/2)**, an employer must produce an employee's personnel records within **7 working days** of a written request, or—if the employer can reasonably demonstrate that compliance within that period is not feasible—may request **an additional 7 calendar days**.

"The employer shall comply with the employee's request within 7 working days after the receipt of the request, or, if the employer can reasonably show that such deadline cannot be met, the employer shall have an additional 7 calendar days to comply."

**2. Timeline of Plaintiff's Request and Defendant's Late Response**

| Event | Date / Time | Remarks |
|---|---|---|
| Plaintiff submitted written request for complete personnel record | **Monday, October 13, 2025, 16:05** | Request made pursuant to 820 ILCS 40/2 |
| University collected responsive documents internally | **October 15, 2025** | As acknowledged in Defendant's own transmitted records |
| University produced the personnel file to Plaintiff | **Monday, October 27, 2025, 22:31** | 14 calendar days and 10 working days after request |

| Event | Date / Time | Remarks |
|---|---|---|
| Extension request filed or granted | **None** | Defendant did not request statutory extension or provide justification for reasonable cause. |

The University's production was therefore **untimely** under 820 ILCS 40/2 and **lacked any showing of reasonable cause for delay**, despite having collected the responsive materials as early as **October 15, 2025**.

Between Monday, October 13, 2025, 16:05 and Monday, October 27, 2025, 22:31, exactly **14 days, 6 hours, and 26 minutes passed.**

### 3. Inclusion of Extraneous and Potentially Fabricated Document

Upon review, Plaintiff has discovered that the University's produced personnel file contains **a newly inserted document dated July 9, 2024**, purporting to confirm Plaintiff's location in India during the internship.

**This document:**

- Was **never disclosed** or made available to Plaintiff or the disciplinary committee during the underlying proceedings;

- Post-dates the alleged July 3, 2024 statement on which disciplinary conclusions appear to rely;

- Was **not part of the original disciplinary record**; and

- Appears to have been **created and inserted after the disciplinary process concluded**, suggesting post-hoc fabrication or evidentiary tampering.

Conversely, the **July 3, 2024 document**, which was cited in disciplinary materials, is **absent** from the personnel record provided—raising **serious concerns** of selective omission, fabrication, falsification, and record manipulation.

### Legal Significance of These Irregularities

These irregularities raise serious procedural and evidentiary concerns, including but not limited to:

1. **Violation of 820 ILCS 40/2** – untimely response and lack of good cause extension;

2. **Violation of 820 ILCS 40/6** – failure to maintain accurate, authentic, and non-fabricated personnel records;

3. **Potential spoliation or alteration of evidence** – insertion of non-existent documents and omission of contemporaneous ones; and

4. **Due process and discovery integrity concerns** – withholding and altering records central to Plaintiff's disciplinary and retaliatory termination claim

**5. Request to the Court**

Plaintiff respectfully notifies the Court of these matters and **reserves the right to move for relief**, including:

- An order compelling Defendant to produce the **original, unaltered personnel file**, including metadata and audit logs showing the date of creation and modification of all entries;

- An order requiring Defendant to identify the **author, date, and purpose** of the July 9, 2024 form;

- Sanctions or adverse inference for any proven alteration or fabrication; and

- Any further relief the Court deems just and proper to preserve the integrity of this proceeding.

**Note:** Record request is already docketed to hon'ble court case.

**Respectfully submitted,**

**Dipesh Singla**

Plaintiff, *Pro Se*



Dear Team,
Please find the request attached herewith.

One attachment • Scanned by Gmail • Add to Drive

[PDF] Comprehensive R...



Dear Dipesh,

I am attaching a copy of your personnel records in response to the request for records that you sent to the University. We will follow-up regarding your other requests.

Thank you,

Leigh

Leigh Bonsall
Assistant General Counsel
University of Chicago
773-702-5799
lbonsall@uchicago.edu