


IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Dipesh Singla,

**Plaintiff,**

v.  Case No. 1:25-cv-08098

University of Chicago,

Chicago Commission on Human Relations,

Peter Oakley, Marisol Gallegos, et al.,

**Defendants.**

-

SUPPLEMENT TO COMPLAINT AND MOTION ABOUT CHICAGO COMMISSION ON HUMAN RELATIONS (CCHR) CASE ABOUT DUE PROCESS VIOLATIONS, DISCRIMINATION, EQUAL PROTECTION, REHABILITATION ACT, ADA, TITLE VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) CONSPIRACY, FIRST AMENDMENT RETALIATION, ARBITRARY AND CAPRICIOUS ENFORCEMENT, THREATS OF DISMISSAL, FAILURE TO ACCOMMODATE DISABILITY ACCOMMODATIONS, AND EVIDENCE OF INSTITUTIONAL BIAS IN FAVOR OF THE UNIVERSITY OF CHICAGO SUPPORTING STATE ACTOR CLAIMS

**CCHR Case: 25-E-43**

Filling pursuant to **Fed. R. Civ. P. 15(d).**

**I. NEW FACTS**

1. On or about October 7, 2025, Defendant University of Chicago filed an email-only motion (no paper) and received an immediate extension from CCHR Investigator Peter Oakley (within 30 minutes) (Exhibit C, pp. 1–2).
2. On or about October 11–16, 2025, Plaintiff filed identical email motions, and proof of disability (Exhibit B).
3. On October 14, 2025, CCHR Director Marisol Gallegos rejected Plaintiff's filings and threatened dismissal for non-compliance with CCHR Rule 210.120 (paper originals required) — despite accepting UChicago's email-only filing (Exhibit C, pp. 10–12).

**Plaintiff want to respectfully write all these and upcoming documents invoking all legal protections, and absolute litigation privilege.**

4. Plaintiff filed Petition for Writ of Certiorari in Cook County Circuit Court Chancery Division (Case No.2025CH10816) for default judgement in plaintiff's (movant) Favor — still pending.
5. CCHR has refused to disclose prior UChicago cases, bias declarations, or procedural disparities — despite Plaintiff's requests.
6. Plaintiff suspected uniformity and biasness, and already invoked legal protections explicitly, but that didn't stay CCHR and its officials for this treatment.

## II. ADDITIONAL FEDERAL CLAIMS

### COUNT I – 42 U.S.C. § 1983 (14th Amendment Due Process)

7. Defendants CCHR, Oakley, Gallegos, and other executive staff, acting under color of state law, deprived Plaintiff of a property interest in his CCHR complaint (Hawkins v. CCHR, 2020 IL App (1st) 191301) by:
   - Rejecting filings without hearing.
   - Threatening dismissal without explanation.
   - Failing to provide interactive process for ADA accommodation.
   - Failed to default judgement in plaintiff favour.

### COUNT II – 42 U.S.C. § 1983 (14th Amendment Equal Protection)

8. Defendants enforced CCHR Rule 210.120 selectively:
   - Waived for UChicago (email accepted)
   - Enforced against Plaintiff (email rejected)
   - No rational basis (Professional Neurological v. City, 2019 IL App (1st) 181843).
9. This **class-of-one discrimination violates equal protection.**

### COUNT III – 42 U.S.C. § 1981 (Race/National Origin Discrimination)

10. Plaintiff, of South Asian origin, and diverse based on other protected classes, was treated less favourably than UChicago (predominantly non-South Asian leadership) in CCHR administrative process — inference of racial bias.

### COUNT IV – Americans with Disabilities Act (ADA) Title II (42 U.S.C. § 12132)

11. CCHR is a public entity. Plaintiff provided medical proof of disability (Exhibit B).
12. CCHR denied reasonable accommodation (electronic filing) and failed interactive process — violating ADA Title II.

### COUNT V – Rehabilitation Act § 504 (29 U.S.C. § 794)

13. UChicago receives federal funds (Title IV, research grants).
14. Uchicago benefits heavily from it's non-profit status.
15. UChicago's discriminatory conduct and CCHR's bias in enforcement implies joint violation of § 504.
16. This strongly strengthen plaintiff's claim of **State Actor Doctrine. As University of Chicago is fairly attributed to state, and may get ALLEGED Illegal protections, and leniency from the State actor and government bodies. (Note:** *Data about CCHR, fundings and other involvements with Uchicago, is yet to be fetched from CCHR, that may further justify SAD (State actor doctrine), further cases data about University of Chicago cases are all removed from the portal of CCHR. Plaintiff also raised questions about it as it believes.***).**

### COUNT VI – Civil Rights Act of 1964, Title VII (42 U.S.C. § 2000e-2) (Retaliation)

17. Plaintiff engaged in protected activity (filing CCHR complaint, requesting ADA accommodation).
18. CCHR's immediate dismissal threat (Oct 14) implies retaliation, legal protections were explicitly invoked.
19. Plaintiff was feared and scared from CCHR Executive body and investigator's behaviour and felt discrimination and retaliation as evident from exhibits.

### COUNT VII – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))

20. Defendants conspired (email chain, Exhibit C) to deprive Plaintiff of equal protection by coordinating selective enforcement.

### COUNT VIII – First Amendment Retaliation (42 U.S.C. § 1983)

21. Plaintiff's petition for redress (certiorari, federal suit) is protected speech.
22. CCHR's threat of dismissal implies **retaliatory chilling.**


### III. RELIEF REQUESTED (In Addition to Original Complaint)

A. Declaratory Judgment: CCHR's actions violate U.S. Constitution and federal statutes.
B. Permanent Injunction:
   a. Enter default judgment vs. UChicago in CCHR Case 25-E-43 (IFF applicable);
   b. Mandate electronic filing as ADA accommodation.
C. Compensatory Damages: Emotional distress. Determined by Jury.
D. Punitive Damages: Wilful misconduct disregard, state actor bias). Determined by Jury.
E. Attorney Fees & Costs (28 U.S.C. § 1920; 42 U.S.C. § 1988) (if applicable).
F. Appoint Counsel (28 U.S.C. § 1915(e)(1)).
G. Other things hon'ble court and jury seems important to be granted to plaintiff for relief.

**Note:** This supplement may need to be updated as required (or if required) in future.

**Filed By:**

Dipesh Singla, Pro Se (Non-Counsel)

dipeshsingla668@gmail.com

+1 773-457-1046

**Date:** November 11, 2025