**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DIPESH SINGLA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 CV 8098** |
| **v.** | ) | |
| | ) | **Hon. Jeffrey I. Cummings** |
| **UNIVERSITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This case has been reassigned to the calendar of Judge Jeffrey I. Cummings. The Court has reviewed the voluminous docket and orders as follows:

1) Plaintiff's motion for leave to receive notices via e-mail [13] is denied as moot. Plaintiff has filed a pro se appearance electing to receive Court documents via e-mail and thus all court orders will be sent electronically.

2) Plaintiff's motion for access to transcripts via email and at no cost [46] is denied without prejudice because, to date, no court hearings have been scheduled or held. Plaintiff may renew his request at a later date, as appropriate. Similarly, plaintiff's motion to restrict recording and public access to remote video proceedings [7] is denied without prejudice as no proceedings are scheduled at this time.

3) Plaintiff's renewed application to proceed in forma pauperis (IFP) [54] is taken under advisement and the previously filed IFP application [4] is terminated as moot.

4) Plaintiff's motion to seal his IFP application [6] is denied. The Court does not agree that the application contains information that warrants sealing. Notably, the application does not include plaintiff's Social Security number or bank account information and IFP applications containing similar information are routinely filed publicly with the Court. Moreover, the Court has no reason to believe—as plaintiff maintains—that defendants would use information in the IFP application to retaliate or intimidate plaintiff.

5) Plaintiff's motion for order to restrict disclosure of plaintiff's documents and information [8] is denied without prejudice. If this case proceeds to discovery, the parties will be directed to meet and confer in an effort to agree to the entry of a

confidentiality order, which will govern the disclosure of certain confidential documents in this case.

6) Plaintiff's motion to proceed under a pseudonym [10] and motion to seal his identity [11] are denied. As the Seventh Circuit has explained, "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate exceptional circumstances that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). Here, although certain of plaintiff's allegations relate to retaliation following a report of sexual assault by another individual, he has not presented the requisite exceptional circumstances or described an immediate threat to his safety to warrant proceeding under an alias. Similarly, plaintiff has not shown good cause for the entirety of this matter to remain under seal. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (motions to seal parts of the record should be granted only if there is good cause for doing so). In reaching this conclusion, the Court notes that plaintiff initiated this action almost four months ago in his own name, after which he continued to submit countless filings in his own name and without requesting emergency relief to proceed anonymously. *See XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 21-CV-06471, 2022 WL 180151, at *2 n.2 (N.D.Ill. Jan. 20, 2022) ("[O]n the same day the case was assigned to this judge, the plaintiff spontaneously filed an amended complaint that included the plaintiff's true name . . . That step rendered moot the plaintiff's request to proceed under a pseudonym."). And, most importantly, if this case proceeds, the Court will consider the parties' requests to file certain documents under seal, as appropriate, to protect any private information that warrants confidentiality.

7) Plaintiff's motion for jurisdictional determination [9] is denied as unnecessary. When resolving plaintiff's IFP application, the Court will screen plaintiff's pleading, as it must, to ensure proper jurisdiction. Indeed, "Federal courts at all levels must assure themselves of their . . . jurisdiction." *Chen v. Yellen*, No. 22-2655, 2023 WL 8925038, at *1 (7th Cir. Dec. 27, 2023).

8) Plaintiff's motion for leave to file supplemental complaint and to add additional defendant [17] is denied without prejudice pending review of plaintiff's IFP application.

9) Plaintiff's motion for alternative service [16] is denied without prejudice as premature pending screening of plaintiff's complaint. Plaintiff's motion to allow case related communications and service via email due to current overseas residence [15] is also denied as premature without prejudice.

2

10) Plaintiff's motion for attorney representation [5] is denied without prejudice and with leave to renew at a later date if appropriate. Notably, plaintiff has a college degree, has demonstrated his ability to draft a complaint and, at this early stage, nothing further is required of him at this time.

11) Plaintiff's "motion to consider pending motions before trial begins" [12] is denied as moot because the Court intends to resolve all pending motions in due course.

12) Finally, plaintiff's motions for "receipts," [58] [59], which appear to relate to various receipts for his submissions in CM/ECF are denied. Plaintiff should contact the Clerk's Office for any issues he is having with CM/ECF receipts.

Again, at this time, the Court does not require any further filings from plaintiff. The Court intends to review the pending IFP application and plaintiff's complaint and will issue further orders in due course. Tracking status hearing set for 1/9/26 at 9:00 a.m. (to track the case only, no appearance is required).

**Date: November 14, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**

3