IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIPESH SINGLA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:25-cv-8098 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| UNIVERSITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now pending before the Court is the motion by plaintiff Dipesh Singla to recuse this Court pursuant to 28 U.S.C. §§455(a), 455(b)(1), and 455(b)(3). (Dckt. #106). For the reasons stated below, plaintiff's motion is denied.

## I.      PROCEDURAL BACKGROUND

On July 16, 2025, Singla—a former graduate student and employee at the University of Chicago (the "University")—brought this suit against the University and dozens of affiliated individuals, institutes, and offices, alleging a "systematic pattern of retaliation, discrimination, [and] harassment" that led to his wrongful expulsion and termination. (Dckt. #1 ¶1). In his subsequent amended complaint, filed August 8, 2025, Singla alleges that he suffered "severe emotional, professional, and financial harm" after he engaged in whistleblowing to report multiple instances of misconduct at the University: the unsafe handling of hazardous materials, assault by another student employee, food safety violations, financial misconduct, child labor, and denial of disability accommodations, among other things. (Dckt. #26 ¶27).

In what he alleges was retaliation for his whistleblowing, Singla was terminated from seven student employment positions in early 2025. (*Id.* ¶34). On or about February 1, 2025, the University's graduate student union submitted a formal grievance notice on Singla's behalf. (*Id.* ¶28). He alleges that the University undertook retaliation shortly thereafter, resulting in wrongful termination, disciplinary action, and expulsion. (*Id.*).

Singla's case was initially assigned to Judge Sara Ellis, who recused herself on September 11, 2025. Singla's case was reassigned to Judge Edmond Chang, (Dckt. #60), and then, on October 29, 2025, the case was reassigned to me, (Dckt. #80).

## II.      ANALYSIS

Singla now brings this motion to recuse, contending that my former positions as an Administrative Hearing Officer for the Chicago Commission on Human Relations ("CCHR")

1

from 1995 to 2019 and as a Hearing Officer for the Chicago Police Board ("CPB") from 2016 to 2019[1] create conflicts warranting recusal under Sections 455(a), 455(b)(1), and 455(b)(3). (Dckt. #106 at 9). He identifies several cases I adjudicated for the CPB that he alleges demonstrate the "breadth and depth" of my involvement in police oversight and disciplinary proceedings, which is "relevant to [his] claims of institutional bias and selective enforcement." (*Id.* at 5–8). And he alleges that my "twenty-four years of service as a CCHR Hearing Officer" contribute to an appearance of partiality warranting recusal. (*Id.* at 11) (cleaned up).

Singla does not mention the CCHR, the CPB, or the City of Chicago in any of his filed complaints. (Dckt. ##1, 26, 50, 87, 92, 102). Instead, he attempts to join the CCHR as a defendant in a supplement to his complaint, in which he alleges that the CCHR and two individuals violated his civil rights in connection with the filing of Singla's CCHR complaint. (Dckt. #82). He also lists the CCHR as a defendant in the "Defendant List," (Dckt. #88), that he attaches to a subsequent amended complaint, (Dckt. #87).

Singla is unable to file additional amended complaints—besides the initial amendment he is entitled to by right, Fed.R.Civ.P. 15(a)—while his IFP status remains unresolved. Because his operative complaint, (Dckt. #26), fails to mention the CCHR, the CPB, or the City of Chicago, he fails to state a basis for his motion to recuse. *See In re U.S.*, 666 F.2d 690, 694 (1st Cir. 1981) ("[A] judge once having drawn a case should not recuse himself on a unsupported, irrational, or highly tenuous speculation.").

Even if Singla *had* properly amended his complaint and/or joined additional defendants, including the CCHR, his motion would still fall far short of warranting my recusal. Mandatory recusal under Sections 455(b)(1) and 455(b)(3) requires a moving party to show that the judge had some previous familiarity with the facts or the merits of the case before him. *See* 28 U.S.C. §§455(b)(1), 455(b)(3) ("A judge shall "disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts *concerning the proceeding*," or where he has "served in governmental employment and in such capacity participated as counsel, adviser or material witness *concerning the proceeding* or expressed an opinion concerning the merits *of the particular case in controversy*.") (emphasis added); *U.S. v. Lara-Unzueta*, 735 F.3d 954, 959 (7th Cir. 2013) ("*The proceeding* means *the current proceeding*.") (emphasis included). Singla expressly disclaims that I "participated in or was aware of the specific conduct alleged in this action," or that I "would be unable to adjudicate this matter fairly and impartially." (Dckt. #106 at 10–11). Accordingly, recusal is not warranted under either Section 455(b)(1) or Section 455(b)(3).

The reasons Singla identifies in his motion are not grounds for recusal under Section 455(a), either. "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hooks v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (citations omitted); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). No reasonable observer would question my impartiality in a case concerning Singla's treatment at the University of Chicago, a private institution, based on my work as a hearing officer with the CCHR and the CPB on

---

[1] I note that I was never an employee of the CCHR or the CPB. Instead, my work as a hearing officer for those governmental entities was on a part-time basis as an independent contractor.

completely unrelated cases between 1995 and early 2019. *See, e.g.*, *Harris v. City of Bloomington*, No. 25-1488, 2026 WL 1255786, at *3 (7th Cir. May 7, 2026) ("We have said it is 'preposterous' to argue the judge's prior career casts any doubt on his impartiality even with respect to the city for which he worked decades ago."). Nor do the other factors that Singla notes—the unrelated prior recusals of Judge Ellis and Judge Chang, Singla's pro se status and disability, the caseload in the Northern District of Illinois, or Singla's separate pending action in this district—create a "risk [of the appearance of bias] substantially out of the ordinary." *Hooks*, 89 F.3d at 354. These facts, which are not specific to me and contribute to no "appearance of impropriety," do not warrant my recusal. *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010).

## CONCLUSION

For the reasons stated above, plaintiff's motion to recuse, (Dckt. #106), is denied.


**DATE: June 2, 2026**

Jeffrey I. Cummings
**Jeffrey I. Cummings**
**United States District Court Judge**

3