**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIPESH SINGLA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25 CV 8098** |
| **v.** | ) | |
| | ) | **Judge Jeffrey I. Cummings** |
| **UNIVERSITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff's renewed application to proceed in forma pauperis [101] is granted in light of his financial status, however his complaint is dismissed without prejudice for the reasons set forth below. Plaintiff is granted leave to file an amended complaint on or before November 20, 2026 that fully complies with the Federal Rules of Civil Procedure and this Order. Failure to do so will result in dismissal of this action without further notice. All other motions [93] [97] [99] [116] are denied without prejudice in light of this Order. The previously set June 22, 2026 tracking status hearing is stricken and reset to December 28, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

On July 16, 2025, plaintiff Dipesh Singla—a former graduate student and employee at the University of Chicago (the "University")—brought this suit against the University and approximately 75 individuals, institutes, and offices, alleging a "systematic pattern of retaliation, discrimination, [and] harassment" that led to his wrongful expulsion and termination. (Dckt. #1 ¶1). In his first amended complaint, filed August 8, 2025, Singla alleges that he suffered "severe emotional, professional, and financial harm" after he engaged in whistleblowing to report multiple instances of misconduct at the University: the unsafe handling of hazardous materials, assault by another student employee, food safety violations, financial misconduct, child labor, and denial of disability accommodations, among other things. (Dckt. #26 ¶27). Since filing his first amended complaint, plaintiff has filed multiple additional amended complaints and countless exhibits, "supplements," and legal memoranda, purportedly supporting his claims. In what appears to be his latest amended complaint, (Dckt. #102), he asserts 88 counts, spanning 100 pages, and 837 paragraphs. Shortly after filing *that* complaint, he filed a "Supplemental Complaint and Petition for Writ of Mandamus Against the National Labor Relations Board," which he describes as a "companion" to his complaint, (Dckt. #111).

Notwithstanding the fact that plaintiff filed multiple amended complaints without leave of Court, none of his purported pleadings comply with Federal Rules of Civil Procedure 8(a) or 10(b). Indeed, a complaint must include "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). "The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). "Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so." *Id.* at 797–98; s*ee also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter."); *Davis v. Anderson*, 718 Fed.Appx. 420, 424 (7th Cir. 2017) ("judges and adverse parties need not try to fish a gold coin from a bucket of mud").

Here, plaintiff's various pleadings fall far short of these requirements. It remains entirely unclear which claims plaintiff intends to assert against which defendants or even whether all named defendants are even properly joined in this single matter. *See Manson v. W. Ill. Corr. Ctr.*, No. 21-2941, 2022 WL 4298559, at *1 (7th Cir. Sept. 19, 2022) ("A plaintiff may join as many claims as he has against a single defendant, Fed.R.Civ.P. 18(a), but may join multiple defendants in a suit only if all of the defendants could be liable on a single claim[.]"). Simply put, the Court cannot discern from plaintiff's copious filings whether he has stated claims against properly joined defendants sufficient to proceed to the service phase of this case.

For these reasons, the Court dismisses the various versions of plaintiff's complaints without prejudice and grants plaintiff leave to file a single, amended complaint on or before November 20, 2026 that fully complies with the Federal Rules of Civil Procedure and the dictates of this Order. The Court will then screen the amended complaint. Failure to file an amended complaint will result in dismissal of this matter without further notice.

**Date: October 30, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**